UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIE C. ROBERTSON, JR., | ) |
| Plaintiff, | ) |
| v. | ) No. 4:16-CV-1200 AGF |
| FALITA BAINE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $3.00, which is twenty percent of his average monthly deposits. *See* 28 U.S.C. § 1915(b). Additionally, this action is dismissed under 28 U.S.C. § 1915(e).

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## The Complaint

Plaintiff brings this action against several officials at the St. Louis City Justice Center ("SLCJC"). He was detained there on criminal charges in February 2015. On February 11, 2015, he was told by a correctional officer that he had to go to court. He took his legal papers with him, but he left his personal property in his cell. Without being informed ahead of time, he was taken to Fulton State Hospital for a competency evaluation. He was there for six months. When he returned to SLCJC, his legal correspondence and personal property were missing. He complained to defendant Falita Baine, but she did not resolve his grievance. Plaintiff alleges he lost $100 worth of commissary items. He has not recovered is property, although he did recover some of his legal papers. He seeks $250,00 in monetary damages.

## Discussion

There is no cause of action under 42 U.S.C. § 1983 for unconstitutional taking of personal property where the state provides an adequate postdeprivation remedy. *E.g., Clark v. Kansas City Missouri School Dist.*, 375 F.3d 698, 703 (8th Cir. 2004). Missouri provides the postdeprivation remedy of replevin for recovery of personal property. *Id.*; Mo. R. Civ. P. 99.01 - 99.15. As a result, his property loss claim is frivolous.

"To state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims." *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996). Plaintiff has not claimed that he suffered any injury to his legal claims. Therefore, his access-to-the-courts claim fails to state a claim upon which relief can be granted.

2

Additionally, there is no cause of action against a prison official for failing to redress a prisoner's grievance. *See, e.g., George v. Smith*, 507 F. 3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the [constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."). Consequently, this action must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $3.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 1st day of September, 2016.

                                      */s/ Audrey G. Fleissig*
                                      AUDREY G. FLEISSIG
                                      UNITED STATES DISTRICT JUDGE

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).